PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL BRADFORD,

        Petitioner,

        -v-                                      16-CV-710-LJV
                                                      ORDER

DALE ARTUS,

        Respondent.
_____

The *pro se* petitioner, Daniel Bradford, filed this action seeking relief under 28 U.S.C. § 2254. Docket Item 1. The Court directed Bradford to show cause why the petition should not be dismissed for failure to exhaust his state court remedies and gave him four options for proceeding in this Court. Docket Item 3. Bradford submitted a response on February 6, 2017, in which he requested "a stay, and extension that would prevent him from being procedurally or time barred, and to entitle him to amend his petition to include all grounds clearly identified as unexhausted." Docket Item 4 at 2. On February 24, 2017, Bradford submitted a Section 2254 Unexhausted Response Form ("the form"). Docket Item 6.

On the form, Bradford elected the option to "ask[ ] the Court to dismiss his unexhausted claims and stay this petition in order to permit him to exhaust his state court remedies with respect to the unexhausted claims for habeas relief." *Id.* at 2 (citing *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001)). The form advised Bradford that such a "stay is conditioned

on [his] initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust." *Id.*

On October 15, 2019, the Court ordered Bradford to "submit a written update to the Court describing the status of his efforts to exhaust his state court remedies." Docket Item 7.  On November 18, 2019, Bradford filed a status report asking for an additional stay.  Docket Item 8.  More specifically, Bradford stated that he was unable even to begin the process of exhaustion because he was prevented from obtaining copies of the victim's medical records, which he alleged "completely rebut and disprove the prosecution's case against [him] at trial."  *Id.* at 2.  He sought additional time to "obtain assistance" with a motion under New York Criminal Procedure Law ("CPL") § 440.10 based on this evidence.  Bradford noted that "the prosecution had" the victim's medical records "the whole time and lied about it during the course" of the "Discovery Conference," which "enable[d] them to [m]isrepresent the true nature of [the victim's] injuries at trial."  Docket Item 8 at 3.

This Court gave Bradford 30 days to move for a further stay.  *See* Docket Item 9 (explaining that it was "not immediately apparent to the Court whether Bradford's latest request meets the *Rhines* [*v. Weber*, 544 U.S. 269 (2005)] standard").  He did so on March 9, 2020, explaining that an attorney had agreed to file a § 440.10 motion on his behalf in state court.  Docket Item 11.

On April 8, 2020, the respondent filed a response.  Docket Item 13.  The respondent advised that he did "not oppose [Bradford]'s request insofar as he seeks to hold his petition in abeyance pending the outcome of his recently filed CPL § 440.10 motion."  *Id.* at 1.  The respondent contended, however, that the "stay should be limited

2

to the CPL § 440.10 motion currently being litigated, [that] the stay should be lifted upon the completion of that litigation[, and that] the Court should dismiss the claims in the habeas petition that remain unexhausted and have not been asserted by [the] petitioner in his CPL § 440.10 motion." *Id.*

## DISCUSSION

"[S]tay and abeyance [of a § 2254 petition] should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. More specifically, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* And "[e]ven where stay and abeyance is appropriate, . . . district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 277-78; *see also Zarvela*, 254 F.3d at 381 (explaining that district courts "should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days").

As explained above, the respondent does not oppose Bradford's request for a stay with respect to the claim raised in his pending § 440.10 motion—that Bradford "was improperly forced to wear a stun belt during trial in violation of his federal due process rights" (Ground Two of Bradford's petition). Docket Item 13 at 4. The Court finds that there is good cause to stay that claim pending the outcome of Bradford's § 440.10

motion. Bradford must inform this Court when he has completed exhaustion of this claim **within 30 days** after exhaustion is complete.[1]

With respect to Bradford's other unexhausted claims—Grounds One, Four, Eight, Twelve, and Thirteen of the petition—the respondent argues that Bradford has not met the *Rhines* standard. Docket Item 13 at 5. This Court agrees. As the respondent observes, Bradford "has had more than three years since he first requested a stay of his petition to exhaust th[ose] claims, but he has failed to initiate any state court proceedings for that purpose." *Id.*

Bradford argues that the delay should be excused because in 2017, his former attorney "completely abandoned" him "without any notice." Docket Item 15 at 1. Bradford then sought "new counsel . . . who agreed to represent [him] under assignment of the court," but the state court denied Bradford's motion for the assignment of counsel. *Id.* at 1-2. As explained above, Bradford now has *pro bono* counsel who filed a § 440.10 motion covering only one of Bradford's claims.

Although Bradford now requests "the opportunity to raise the [other] unexhausted claims in the state court," he provides no indication of when or how he will do so. *See* Docket Item 15 at 2. Given the amount of time that has passed and the multiple opportunities this Court has given Bradford to raise unexhausted claims, and given the fact that Bradford now has counsel who has raised one claim but not any other, this Court finds that Bradford has not met the *Rhines* standard as to any claim other than

---

[1] "To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir. 1990)).

the one currently pending in state court.  Accordingly, this Court dismisses the claims raised in Grounds One, Four, Eight, Twelve, and Thirteen of the petition due to Bradford's failure to exhaust.

## ORDER

In light of the above,

IT IS HEREBY ORDERED that the claims raised in Grounds One, Four, Eight, Twelve, and Thirteen of the petition are dismissed as unexhausted; and it is further

ORDERED that this matter is stayed, and the remaining claims are held in abeyance, so that the petitioner may exhaust the claim raised in Ground Two of the petition; and it is further

ORDERED that Bradford must inform this Court **within 30 days** after he has completed exhaustion of that claim; the Court then will issue a scheduling order for the respondent to respond to the petition.

SO ORDERED.

Dated:   September 18, 2020
         Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE